UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SONIA COLE,

                          Plaintiff,

          -against-                                    19-CV-4194 (CM)

ALLSTATE INSURANCE COMPANY; 111                        ORDER OF DISMISSAL
STREET 2015 CORP.; BANK OF AMERICA
NATIONAL ASSOC.; 106FCT/113FCT/POLICE,

                          Defendants.

COLLEEN McMAHON, Chief United States District Judge:

          Plaintiff, appearing *pro se*, bring this action alleging that defendants have violated her

rights. By order dated October 25, 2019, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses the complaint for the

reasons set forth below.

## STANDARD OF REVIEW

          The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007) (noting that IFP statute and Prison Litigation Reform Act recite

identical grounds for dismissal and both apply to IFP prisoner proceedings). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in

original); *see also Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("Implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.").

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff, invoking the Court's federal question and diversity jurisdiction, brings this action against an insurance company, a private corporation, a bank, and a police precinct. She uses the Court's complaint form and, in response to the form's question asking her to identify which of her federal or constitutional rights have been violated, writes:

> Defects; foreclosure/evictions; discrimination. Who is truly robbing my money for renters insurance. All others foreclosures. Violation with eviction bias/prejudices, fraud & embezzled=/void – renter insurance, etc. [1]

(ECF 2, p. 2.)

---

[1] Plaintiff wrote her complaint by hand and uses unconventional sentence structure and capitalization throughout. For readability, the Court has changed many misplaced capital letters to lower case. The other grammatical errors quoted by the Court are reproduced from Plaintiff's complaint.

Plaintiff's factual allegations are similarly difficult to understand. For example, she refers to "My personal // business credits & unfairness"; "all commerce: record straight"; "corrupt/corruption with system/courts"; "attorneys negligence/corrupt on all the above more over strongly also renter insurance company takes my money for years under all the above in evictions." (*Id.* at 5.)

Among other relief, Plaintiff seeks $85,000,000 in damages. (*Id.* at 6.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff's complaint is frivolous and its defects cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

The United States District Court for the Eastern District of New York has barred Plaintiff under 28 U.S.C. § 1651 from filing any new federal civil action IFP in that court unless she first obtains leave of that court to file. *Cole v. Testani*, No. 05-CV-3908 (E.D.N.Y. Oct. 25, 2005). On January 30, 2013, the United States Court of Appeals for the Second Circuit imposed its own bar order, prohibiting Plaintiff from filing any further appeals without that court's leave and ordering that court's clerk's office to refuse to accept any further submissions from Plaintiff unless she first obtains leave. *Cole v. Katz*, No. 12-1102 (2d Cir. Jan. 30, 2013).

Plaintiff has recently filed several cases in this Court. By order dated August 16, 2019, this Court warned Plaintiff that further duplicative or frivolous litigation in this Court will result

in an order barring her from filing new civil actions IFP in this Court without prior permission. (ECF No. 1:19-cv-05538, 4 (citing 28 U.S.C. § 1651)). The Court reiterates that warning.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:    October 29, 2019
          New York, New York

_____
            COLLEEN McMAHON
        Chief United States District Judge